## COHEN, et ux v. FLORIDA POWER & LIGHT CO.

No. 76-19869-SP-05.

County Court, Dade County.

May 5, 1977.

Paul E. Gifford of Kenworthy & Gifford, Coral Gables, for the plaintiffs.

Paul J. Bonavia of Steel, Hector & Davis, Miami, for the defendant.

SIDNEY L. SEGALL, County Court Judge.

This cause was tried before the court. In their statement of claim, the plaintiffs alleged that the defendant, Florida Power & Light Company, had negligently terminated electric service to their home causing damage to the plaintiffs.

The evidence at trial showed that on July 7, 1976, FPL had mailed to the plaintiffs a bill in the amount of $43.14 for electricity consumed from June 2 through July 2, 1976. On July 31, 1976, twenty-four days after the bill had been mailed and four days after it became past due, the plaintiffs went away on vacation with the bill unpaid and advised the post office to hold their mail. They did not inform FPL that they would be out of town. On the same date, FPL mailed a final notice to the plaintiffs, which stated that their bill was past due and that service would be disconnected if payment was not made by August 5, 1976.

The evidence showed that FPL customarily allows an additional five working days after the termination date stated in the final notice before actually discontinuing service. The purpose of this period is to give customers an additional opportunity to pay delinquent bills, and to allow for delays in the delivery or handling of mail.

On August 12, 1976, an FPL collector went to the plaintiffs' residence, and upon finding that it was unoccupied, disconnected service. The collector left a pink notice on the door stating that service had been terminated.

Mrs. Cohen testified that she had placed a check payable to FPL in a mailbox in Houston, Texas on August 5, 1976. According to the legend stamped on the check, it was deposited by FPL in its bank account on August 13, 1976, the day after service was terminated.

The plaintiffs returned to Miami on August 21, 1976, to find that their service had been terminated. They found the pink notice

on the ground near their front door, in a somewhat crumpled condition. As a result of the termination, they sustained damages in the form of loss of food, medical supplies, tropical fish, and the loss of a refrigerator caused by decomposition of the contents.

Upon consideration of the law and the evidence the court has determined that final judgment should be entered for the defendant.

> *An electric utility which complies with the rules and regulations of the Florida Public Service Commission and the rules contained in its tariff cannot be held liable for termination of service for non-payment of bills pursuant to those provisions.*

The relationship between an electric utility and its customers is regulated by the rules and regulations of the Florida Public Service Commission, as well as the provisions of the tariff filed by the utility with the commission. The customer is bound by all regulations contained in the utility's tariff which are not plainly unreasonable or outrageous in their general operation. *Florida Power Corp. v. Continental Testing Lab, Inc.,* 243 So.2d (Fla. 4th DCA 1971). See *Florida Power & Light Company v. State ex rel. Malcom,* 144 So. 657 (Fla. 1932).

Pursuant to PSC Rule 25-6.101 and Rule 7.9 of the General Rules and Regulations of Electric Service contained in FPL's electric tariff, bills are due when rendered and become delinquent twenty days from the date of mailing. Therefore, the plaintiffs' bill became delinquent on July 27, 1976, sixteen days before the date their service was disconnected.

Pursuant to PSC Rule 25-6.105 and Rule 1.6 of FPL's tariff, FPL may disconnect service for nonpayment of bills after giving five days' written notice to the customer, such notice being separate and apart from any bill for service. This notice was duly given to the plaintiffs by the final notice mailed to them on July 31, 1976. Therefore, under the rules of the PSC and the regulations contained in FPL's tariff, FPL had the right to terminate service to the plaintiffs for nonpayment of their bill. An electric utility, such as FPL, which complies with these provisions, as the evidence in this case shows it did, has no liability to the customer for damages resulting from the termination. The court finds that the notice provided for in the rules and tariff, and given by FPL was reasonable.

The plaintiffs' contention that their payment should have been considered made on August 5, 1976, the date on which the check was mailed, rather than the date of receipt, is without merit. A

business such as FPL could have no means of ascertaining the date on which payment was placed in the mail. Further, according to the plaintiffs' testimony, the check was mailed from out of state nine days after their bill became delinquent. The evidence also showed that FPL waited one week after the date on which the final notice mailed to the plaintiffs stated service would be disconnected, in order to allow additional time for payment to arrive. Under these circumstances, it is clear that FPL acted properly in terminating service.

The plaintiffs also contend that FPL should have reconnected their service immediately after the check was received and prior to their return from vacation. However, the evidence demonstrated that FPL is well justified in refusing to reconnect service without a responsible person in the home because of the danger of fire. In such situations, concern for safety is paramount, as indicated by PSC Rule 25-6.105(5) (H) which permits a utility to discontinue service to any customer without notice in the event of a condition known by the utility to be hazardous. Therefore, FPL cannot be held liable for waiting until contacted by the customers to resume service.

*Termination of electric service by Florida Power & Light Company does not constitute state action.*

Under the decision of the Supreme Court of the United States in *Jackson v. Metropolitan Edison Company*, 419 U.S. 345 (1974), termination of electric service for nonpayment of bills by a privately-owned utility, pursuant to regulations which permit, but do not require it to terminate, does not constitute "state action" within the meaning of the Fourteenth Amendment. The court finds that FPL is a privately-owned electric utility, and that the termination of service to the plaintiffs was done at the initiative of the utility, pursuant to a permissive regulation similar to the tariff provision involved in *Jackson*. Therefore, such termination of electric service to a customer by FPL does not give rise to a cause of action for alleged denial of due process under the Fourteenth Amendment.

Upon consideration, it is therefore ordered and adjudged that final judgment be and the same is hereby entered in favor of the defendant, Florida Power & Light Company, and that the plaintiffs, Kenneth L. Cohen and Evelyn Cohen, take nothing by this action and defendant, Florida Power & Light Company go hence without day.